UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

  v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5127 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
JANUARY 12, 2007**

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for preliminary injunction and temporary restraining order. (Dkt. # 70). Defendants argue that this Court does not have jurisdiction to grant the relief Plaintiff seeks as he no longer resides at the institution where the named Defendants are employed. (Dkt. # 73). Plaintiff concedes that dismissal of the preliminary injunction motion is proper. (Dkt. # 76).

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that his First Amendment rights and his right to access the courts have been violated. (Dkt. # 18, 1-2). Plaintiff seeks injunctive relief against employees of the Airway Heights Correction Center (AHCC), where he is currently housed. However, none of the staff at AHCC are

REPORT AND RECOMMENDATION - 1

named as Defendants in Plaintiff's Complaint.  Plaintiff has named as Defendants, employees at the Stafford Creek Corrections Center (SCCC), where he was previously housed.  (Id.).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. Rizzo v. Goode, 423 U.S. 362, 378 (1976).   The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Chalk v. United States Dist. Ct., 840 F.2d 701, 704 (9th Cir. 1988).   It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir.

REPORT AND RECOMMENDATION - 2

1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." Funds for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. Cassim, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

### III. DISCUSSION

Generally, a prisoner's release or transfer from a prison will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." Id. at 1251.

Plaintiff sued mostly employees at SCCC. (Dkt. # 18).[1]  Plaintiff is no longer at SCCC; he is

---

[1] There is one employee no longer employed at SCCC, who works at DOC headquarters. However, Defendant Shanahan's duties relate only to the classification of female offenders and are not related to offender legal mail, indigent mail or law library access. (Dkt. # 73, Exh. 1).

REPORT AND RECOMMENDATION - 3

currently residing at AHCC. (Dkt. # 73, Exh. 2, Attach. A). Employees at SCCC do not have the ability to control or direct actions of individuals not a party to this lawsuit. This Court does not have jurisdiction over any staff at AHCC as they are not parties in this lawsuit. Accordingly, the Plaintiff's request for preliminary injunction is moot and the Court recommends that the motion be denied.

## IV.  CONCLUSION

The court recommends that Plaintiff's motion for preliminary injunction (Dkt. # 70) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 12, 2007**, as noted in the caption.

DATED this 7th day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4