UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

        Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

        Defendants.

Case No. C06-5127 RJB/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion to compel. (Dkt. # 91). After careful review of Plaintiff's motion, Defendants' response (Dkt. # 92), and Plaintiff's reply (Dkt. # 96), the Court finds that the motion to compel should be denied.

## I. DISCUSSION

Plaintiff requests an order compelling responses to various discovery requests. (Dkt. # 92). Plaintiff has failed to attach or identify by request and response, the specific discovery requests for

ORDER - 1

1   the Court's review.  Based on the exhibits attached to Plaintiff's motion, Defendants surmise that

2   Plaintiff seeks to have the Court compel discovery regarding the criminal histories of the Defendants

3   and information regarding other inmates.  (*See* Dkt. # 91, p. 3-4, referred to as RFP Nos. 7 and 12).

4   Plaintiff argues that he is entitled to information regarding Defendants who have been penalized or

5   had criminal complaints filed against them such as staff misconduct and information regarding

6   inmates who have filed claims against the named Defendants.  (*Id.*)

7        In response, Defendants argue that Plaintiff's claims relate to access to his legal materials and

8   his ability to have his legal mail processed.  (Dkt. # 92).  Thus, Defendants argue, none of the

9   information sought to be compelled is relevant to Plaintiff's pending lawsuit.  In addition, Defendants

10  argue that the probative value of the information is substantially outweighed by the danger of unfair

11  prejudice, it is inadmissible character evidence, and that divulging information regarding other

12  inmates poses a threat to their safety and security.  (*Id.*).

13       In reply, Plaintiff responds to the specific arguments relating to RFP Nos. 7 and 12.[1]

14  However, Plaintiff also refers to Defendant Mortimeyer's answers to admissions and his requests for

15  second set of production or documents.[2]

16       Therefore, the scope of Plaintiff's motion is far from clear.  Plaintiff's failure to attach the

17  specific requests he wishes the Court to review is sufficient reason to deny his motion to compel.

18  Without the specific requests, the Court cannot make an informed decision regarding the scope of

19  Plaintiff's motion nor have Defendants been given sufficient notice.  Based on the papers submitted,

20  the Court might assume that Plaintiff's motion is limited to RFP Nos. 7 and 12, however it declines

21  to do so.

22  ───────────────

23       [1]Plaintiff also objects that Defendants' response was not timely, complaining that it was not
    filed until the day that his motion to compel was noted.  However, the motion to compel was noted
24  by the Clerk for March 2, 2007.  Defendants' response was filed on February 23, 2007.

25       [2]Plaintiff also refers to the sufficiency of Defendants' answers to interrogatories, which were
    the subject of a separate motion by Plaintiff (*See* Dkt. # 86) and a separate Order (*See* Dkt. # 93) .

26  ORDER - 2

1    Accordingly, Plaintiff's motion to compel (Dkt. # 91) is **DENIED**.

2

3    DATED this 27th day of March, 2007.

4

5

6                                            Karen L. Strombom
                                             United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 3