UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
KEITH L. NASH,                        )     No. C06-5127-RJB-KLS
                                        )
             Plaintiff,             )
    v.                                   )     ORDER DENYING PLAINTIFF'S
                                        )     REQUEST TO REMOVE
DOUG WADDINGTON, *et al.*,      )     JUDGE STROMBOM
                                        )
             Defendants.       )
_____)

This matter comes before the Court under Local General Rule 8(c). On April 13, 2007, plaintiff Keith L. Nash filed an "Affidavit of Prejudice" (Dkt. #110). On April 19, 2007, the Honorable Karen L. Strombom, United States Magistrate Judge, declined to recuse herself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #112). Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM

bias or prejudice exists[.]

A judge must recuse herself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

In his "Affidavit of Prejudice," however, plaintiff does not identify any extrajudicial source of the alleged impartiality: the only suggestion of bias relates to Judge Strombom's decisions regarding noting dates and the timeliness of filings in this matter. See Dkt. #110 at 2-3. In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte Am. Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913). Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met the burden of showing an appearance of bias.

Having reviewed plaintiff Keith L. Nash's motion and the remainder of the record, the Court finds that Judge Strombom's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's request to remove Judge Strombom from this matter (Dkt. #110) is DENIED.

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM        -2-

1
2     DATED this 30th day of April, 2007.
3
4                                *(signature)*
5                                Robert S. Lasnik
                               United States District Judge
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE STROMBOM    -3-