UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5127 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for reconsideration of the Court's denial of his motion to compel. (Dkt. # 107). Having carefully reviewed Plaintiff's motion, the Court finds that it should be denied.

**DISCUSSION**

    On March 28, 2007, the Court denied Plaintiff's motion to compel. (Dkt. # 102). The motion was denied, in large part, because Plaintiff failed to attach the specific requests he wished the Court to review. (*Id.*) Based on the papers submitted, the Court could have assumed that the Plaintiff's motion was limited to RFP Nos. 7 and 12, but it declined to do so. (*Id.*).

    Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a

ORDER - 1

showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1).

Plaintiff has identified no error in the Court's order, nor presented any new facts or legal authority that suggest reconsideration is appropriate. Plaintiff complains again that the Defendants' response to his motion to compel was not timely and that the Clerk erred in posting the noting date. However, the motion to compel was incorrectly noted by Plaintiff when he filed the motion. It was correctly noted by the Clerk for March 2, 2007. Defendants' response was filed on February 23, 2007. (*Id*. at n. 1). Plaintiff now confirms that his discovery requests are limited to information regarding Defendants who have been penalized or had criminal complaints filed against them and to responses to discovery requests sent to Defendant Elaine Mortimeyer. (Dkt. # 107).

Plaintiff's claims relate to access to his legal materials and his ability to have his legal mail processed. (Dkt. # 92). Thus, Defendants submit that none of the information sought by Plaintiff is relevant to his pending lawsuit and the probative value of the information sought is substantially outweighed by the danger of unfair prejudice and is inadmissible character evidence. (*Id*.). The Court agrees. In addition, it appears that Plaintiff received Defendant Mortimeyer's answers to his discovery requests, but disagrees with defense counsel as to whether Defendant Mortimeyer's signature was required and whether the responses were timely provided. (Dkt. # 91, Exh. 1). Here again, without the benefit of the particular discovery at issue, the Court is left to guess at the true dispute and it declines to do so.

Accordingly, Plaintiff's motion for reconsideration (Dkt. # 107) is **DENIED**.

DATED this  11th  day of May, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2

ORDER - 3