UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5127 RJB/KLS

ORDER OVERRULING PLAINTIFFS' OBJECTION[S] TO THE MAGISTRATE'S ORDER DENYING MOTION FOR RECONSIDERATION AND DKT. 102

    This matter comes before the Court on the Plaintiffs' Objection[s] to the Magistrate's Order Denying Motion for Reconsideration and Dkt. 102 (Dkt. 118). The Court has considered the plaintiff's objections and the remainder of the file herein.

## I. BACKGROUND

    On February 9, 2007, Mr. Nash filed a motion to compel. Dkt. 91. Mr. Nash sought an order "compelling the defendant's [sic] to produce relevant information if the discovery appears to [be] reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 4. Mr. Nash's motion does not identify particular discovery requests, but it appears that he sought discovery of other inmates' filing of complaints asserting the same claims raised by Mr. Nash; of any staff misconduct or other complaints against the defendants; and of the defendants' criminal histories. *Id.* at 3-4.

ORDER
Page 1

1    In the response, the defendants contended that they were unable to determine which

2  discovery requests Mr. Nash sought to compel. Dkt. 92 at 1. The defendants also submitted

3  argument and authority demonstrating that information about other inmates and about the

4  defendants' past criminal histories was irrelevant, inadmissible character evidence, and contrary to

5  policies of the Department of Corrections. *Id.* at 2.

6    In reply, Mr. Nash asserted that he was not timely served with the defendants' response and

7  that his requests sought relevant information. Dkt. 96 at 4. Mr. Nash also filed a declaration in which

8  he states that he attempted to clarify the purpose and relevancy of his discovery requests to opposing

9  counsel. Dkt. 96-2 at 2-3. The reply does clarify what discovery the plaintiff sought to compel. *See*

10 Dkt. 96.

11   Magistrate Judge Strombom denied the motion as follows:

12   Plaintiff's failure to attach the specific requests he wishes the Court to review is sufficient reason to deny his motion to compel. Without the specific requests, the Court cannot make
13   an informed decision regarding the scope of Plaintiff's motion nor have Defendants been given sufficient notice. Based on the papers submitted, the Court might assume that Plaintiff's
14   motion is limited to RFP Nos. 7 and 12, however it declines to do so.

15 Dkt.102 at 2.

16   Mr. Nash sought reconsideration of the Order Denying Plaintiff's Motion to Compel (Dkt.

17 102), contending that the defendants' response was untimely, contending that the motion was

18 improperly noted, and clarifying which discovery requests were the subject of his Motion to Compel.

19 Dkt. 107 at 2. Magistrate Judge Strombom denied the Motion for Reconsideration, holding that the

20 defendants' response was timely, that the Motion to Compel was properly noted, and that the

21 plaintiff failed to offer new facts or legal authority justifying reconsideration. Dkt. 116 at 2.

22                                    **II. DISCUSSION**

23   Mr. Nash objects to Magistrate Judge Strombom's Order Denying Plaintiff's Motion to

24 Compel (Dkt. 102) and to the Order Denying Plaintiff's Motion for Reconsideration (Dkt. 116). Dkt.

25 118. The plaintiff's objections are governed by Federal Rule of Civil Procedure 72(a), which

26 ORDER
Page 2

1 provides as follows:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

**A. MOTION TO COMPEL**

As a threshold matter, the Court notes that Mr. Nash's objections to the Order Denying Plaintiff's Motion to Compel (Dkt. 102) are untimely. The Order was filed on March 28, 2007, and the plaintiff did not file objections thereto until May 24, 2007.

In addition, Magistrate Judge Strombom properly concluded that Mr. Nash's motion and reply were too vague as to the discovery Mr. Nash sought to compel. To the extent that Mr. Nash's reply and the declaration attached thereto clarified Mr. Nash's request, the defendants were deprived of an opportunity to respond. Courts should not consider arguments and facts presented for the first time in the reply. *See In re Sherman*, 441 F.3d 794, 810 n.20 (9th Cir. 2006). Magistrate Judge Strombom's denial of the plaintiff's Motion for the Court to Compel (Dkt. 92) was not clearly erroneous or contrary to law, and the plaintiff's objections should therefore be overruled.

**B. MOTION FOR RECONSIDERATION**

The standard on a motion for reconsideration is high:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

**1. Manifest Error**

ORDER
Page 3

1       First, Mr. Nash apparently contends that the Clerk's re-noting of the plaintiff's Motion for
2  the Court to Compel (Dkt. 92) constitutes manifest error. The plaintiff's motion was filed on
3  February 9, 2007. Mr. Nash noted his motion for consideration on February 23, 2007. Dkt. 92 at 1.
4  Under Local Rule 7(d)(3), Mr. Nash's motion should have been noted for three Fridays after his
5  motion was filed. Accordingly, the Clerk properly re-noted Mr. Nash's motion for March 2, 2007.

6       Second, Mr. Nash contends that Magistrate Judge Strombom erroneously concluded that the
7  probative value of discovery regarding criminal complaints filed against the defendants is outweighed
8  by the danger of unfair prejudice and constitutes inadmissible character evidence. Dkt. 116 at 2.
9  Specifically, Mr. Nash contests the characterization of his claims as "relat[ing] to access to his legal
10 materials and his ability to have his legal mail processed" because his amended complaint
11 encompasses claims of conspiracy, retaliation, and harassment. *Id*; Dkt. 118 at 4. In his Motion for
12 Reconsideration (Dkt. 107 at 3) and his objections, Mr. Nash fails to articulate how evidence of
13 criminal complaints or sanctions against the defendants is relevant to his allegations of conspiracy,
14 retaliation, or harassment, except as character evidence. Mr. Nash similarly fails to acknowledge the
15 danger of unfair prejudice posed by his discovery requests or demonstrate that the probative value of
16 the evidence he seeks would outweigh such prejudice. *See* Fed. R. Evid. 403.

17      Finally, Mr. Nash objects to the portion of the Order Denying Plaintiff's Motion for
18 Reconsideration addressing Elaine Mortimeyer's answers to discovery requests. Dkt. 118 at 4.
19 Magistrate Judge Strombom addressed Mr. Nash's contention as follows:

> In addition, it appears that Plaintiff received Defendant Mortimeyer's answers to his discovery requests, but disagrees with defense counsel as to whether Defendant Mortimeyer's signature was required and whether the responses were timely provided. (Dkt. # 91, Exh. 1). Here again, without the benefit of the particular discovery at issue, the Court is left to guess at the true dispute and it declines to do so.

Dkt. 116 at 2. Mr. Nash does not articulate his objection to this portion of the Order. *See* Dkt. 118
at 4. Magistrate Judge Strombom properly concluded that the plaintiff failed to demonstrate manifest
error in a prior ruling.

ORDER
Page 4

**2. New Facts or Legal Authority**

Magistrate Judge Strombom concluded that Mr. Nash's Motion for Reconsideration did not present any new facts or legal authority justifying reconsideration. Dkt. 116 at 2. While Mr. Nash did clarify the discovery he sought to compel, this was not information that "could not have been brought to its attention earlier with reasonable diligence." *See* Local Rule CR 7(h). Mr. Nash does not demonstrate that Magistrate Judge Strombom's denial of reconsideration on this basis was clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

**3. Jurisdiction**

Finally, Mr. Nash contends that Magistrate Judge Strombom lacked jurisdiction to rule on the Motion for Reconsideration because the case was stayed and the stay had not yet been lifted. Dkt. 118 at 6.

On April 13, 2007, Mr. Nash filed an affidavit that was deemed a Motion for Recusal. Dkt. 110 (affidavit); Dkt. 112 (Order Regarding Plaintiff's Request for Recusal). Magistrate Judge Strombom stayed the case as follows: "This action, and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. **No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed.**" Dkt. 112 at 3 (emphasis in original). On April 30, 2007, Chief Judge Lasnik denied the plaintiff's request for recusal. Dkt. 115.

By operation of the order on the plaintiff's request for recusal, the stay was lifted even though no formal order lifting the stay was issued. Therefore, the Court declines to hold that Magistrate Judge Strombom lacked jurisdiction to deny the plaintiff's Motion for Reconsideration on May 14, 2007. Accordingly, the plaintiff fails to demonstrate that Magistrate Judge Strombom's orders, or any portion thereof, are clearly erroneous or contrary to law.

### III. ORDER

Therefore, it is hereby

1    **ORDERED** that Plaintiffs' Objection[s] to the Magistrate's Order Denying Motion for
2    Reconsideration and Dkt. 102 (Dkt. 118) are **OVERRULED**, and the Order Denying Plaintiff's
3    Motion to Compel (Dkt. 102) and Order Denying Plaintiff's Motion for Reconsideration (Dkt. 116)
4    are **AFFIRMED**.

5    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
6    record and to any party appearing *pro se* at said party's last known address.

7    DATED this 11th day of June, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge