UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5127 RJB/KLS

ORDER DENYING MOTION FOR PROTECTIVE ORDER

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Defendants' motion for protective order. (Dkt. # 104). After careful review of Defendants' motion and Plaintiff's opposition (Dkt. # 113), the Court finds that the motion for protective order should be denied.

## I. DISCUSSION

Defendants request a protective order that Plaintiff not be allowed to depose Defendant Waddington or in the alternative, that Plaintiff submit written questions to Defendant Waddington. Defendants claim that their request is warranted because Plaintiff's depositions are overly long, Plaintiff subjects the deponents to confusing, vague and irrelevant questioning, and refers to unmarked and irrelevant documents. In addition, Defendants argue that Defendant Waddington has

ORDER - 1

no personal knowledge of any details of the Plaintiff's claims. (Dkt. # 104, Exh. 2). Defendants also object to the extent that Plaintiff may seek to question Defendant Waddington regarding his deliberative processes in his decisions at SCCC. Defendants suggest that Plaintiff may seek the information he seeks through a deposition upon written questions.

Plaintiff conferred with defense counsel and at her suggestion, Plaintiff moved the Court for an order to take depositions in excess of those allowed under the discovery rules, so that he might depose all of the named Defendants in this action. (Dkt. # 79). Defendants did not oppose the motion. Defendant Waddington is a named Defendant. The Court granted the motion. (Dkt. # 86). Plaintiff also moved to exceed the twenty-five limit interrogatory limit. (Dkt. # 86). Defendants opposed that motion. (Dkt. # 89). The Court denied Plaintiff's motion to exceed the twenty-five limit interrogatory limit, but granted his motion for extension of time on the basis that he has had and will have ample opportunity to obtain the information sought through the various depositions of the Defendants. (Dkt. # 93). Defendants represented to the Court that they were cooperating and would continue to cooperate with Plaintiff in completing the deposition discovery.

At no time during the filing of Plaintiff's motions for extensions of time and additional discovery, including his request to take the depositions of the named Defendants, did Defendants object to the deposition of Douglas Waddington.

As a general matter, agency heads and top government officials are not subject to deposition. *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). In addition, "[c]ourts cannot, and should not, undertake a probe of the mental processes utilized by an administrative officer in performing his function of decision." *Ledgering v. State*, 63 Wn.2d 94, 101, 385 P.2d 522 (1963) (citing *United States v. Morgan*, 313 U.S. 409, 61 S. Ct. 999, 85 L. Ed. 1429 (1941)).

In this case, however, Defendants have not timely objected to the deposition of Mr. Waddington. While Plaintiff sought leave to take the depositions of all named Defendants and Defendants opposed his request to send additional written interrogatories, Defendants could have

ORDER - 2

lodged an objection against his request to depose Mr. Waddington, but they did not.  Instead, they stood by while Plaintiff first sought leave to take additional written depositions and then sought reconsideration of the order denying his motion, which was also denied.  (Dkt. # 112).

Additionally, Plaintiff has identified three major areas in which he proposes to question Mr. Waddington: (1) why he failed to perform or omit to perform his duties; (2) if he responded to Plaintiff's kites, grievances and letters of notifications; and (3) whether he had any direct knowledge of Plaintiff's complaints and whether he gave any instructions to his subordinates to deny or refuse Plaintiff legal access or legal materials.   (Dkt. # 113 at 5).  Plaintiff states that the latter area of questioning is particularly relevant because at the time, Mr. Waddington was involved in other litigation with Plaintiff.  (*Id*.).  Defendant's declaration that he does not remember any of the details of Plaintiff's claims is not a compelling reason why he should not be made to give his deposition. (Dkt. # 104, Exh. 2).  Plaintiff refers to several memoranda written by Superintendent Waddington relevant to Plaintiff's claims in this case.  (*See, e.g.,* Dkt. # 1, Exh. 35 at 14, 19, 21-23).  However, Plaintiff is advised that he should refrain from questioning Mr. Waddington as to his deliberative processes in supervising staff or instituting policy directives.

Accordingly, it is **ORDERED:**

(1) Defendants' motion for protective order (Dkt. # 104) is **DENIED;**

(2) Plaintiff may proceed to take the deposition of Defendant Waddington; and

(3) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this   13th   day of June, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3