1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11  KEITH L. NASH,

12          Plaintiff,

13      v.

14  DOUG WADDINGTON, *et al.*,

15          Defendants.

Case No. C06-5127 RJB/KLS

ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND DENYING MOTIONS TO TAKE DEPOSITION AND MOTION STAY PENDING APPEAL

16
17
    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge
18
   Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Presently
19
   before the Court are Plaintiff's motions to extend the discovery deadline (Dkt. # 136), to take
20
   depositions (Dkt. # 146), and to stay this action pending appeal (Dkt. # 138).  Having carefully
21
   reviewed Plaintiff's motions, Defendants' opposition (Dkt. #141, 147), and Plaintiff's reply (Dkt. #
22
   145), the Court finds that the motion to extend the discovery deadline should be granted for the sole
23
   purpose of completing Defendant Waddington's deposition, which shall be properly noted by
24
   Plaintiff and that the motion to stay the case pending appeal should be denied.
25
26  ORDER - 1

# I. DISCUSSION

**A.    Extension of Discovery Deadline and Deposition of Defendant Waddington**

Plaintiff seeks another extension of the discovery deadline for purpose of completing deposition discovery, again complaining that this Court lacks jurisdiction because the stay in this matter has not been lifted,[1] because pursuing depositions beyond the pretrial scheduling order would be improper and because he requires additional discovery of eyewitnesses.

Discovery in this matter was extended until May 1, 2007 for the sole purposes of completing deposition discovery of the named Defendants. (Dkt. # 84, 93). It is unclear why the parties have been unable to complete deposition discovery at this time or come to an amicable agreement regarding the completion of this discovery.[2] Although Defendants are correct that neither an amended scheduling order nor new discovery deadline are required for purposes of completing Defendant Waddington's deposition, the Court prefers to continue its monitoring of this case by setting deadlines. Accordingly, the new discovery deadline, for purposes of deposing Defendant Waddington **only** shall be **September 28, 2007**. Plaintiff shall properly note Defendant Waddington's deposition within this time period, after proper consultation with defense counsel.

Plaintiff's request to take the depositions of unnamed "eyewitnesses" of "newly discovered" evidence (Dkt. # 146) is denied. Plaintiff has provided no information to the Court regarding the need for this discovery.

**B. Motion to Stay**

Plaintiff seeks a stay of this matter while he pursues an appeal of the Order entered at Dkt. # 123, which is the District Court's order overruling his objection to the undersigned's denial of

---

[1] Plaintiff is directed to Dkt. # 123. The Court will not address this issue further.

[2] Defendants complain that Plaintiff did not abide by Local Rule 37(a)(2) regarding his motions to extend the discovery cut-off and to compel depositions. For this reason alone, his motions should be denied.

ORDER - 2

1  Plaintiff's request that the undersigned recuse herself from this case.  Contrary to Plaintiff's belief,

2  that order is not a "final" judgment for purposes of Rule 3 of the Federal Rules of Appellate

3  Procedure.   *United States v. State of Washington*, 573 F.2d 1121, 1122 (9th Cir. 1978)(Denial of

4  motion to disqualify is not a final order under 28 U.S.C. § 1291).   The Plaintiff's request for a stay

5  (Dkt. # 138) is **DENIED**.

7      Accordingly, it is **ORDERED:**

8      (1)  Plaintiff's motion to extend the discovery deadline (Dkt. # 136) is **GRANTED for**

9          **the sole purpose of taking the deposition of Defendant Waddington**;

10      (2)  Plaintiff's motion to stay (Dkt. # 138) is **DENIED**;

11      (3)  Plaintiff's motion to take depositions (Dkt # 146) is **DENIED;**

12      (4)  An Amended Scheduling Order will issue separately; and

13      (5)  The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

15      DATED this  13th   day of August, 2007.

                                                     Karen L. Strombom
                                                     United States Magistrate Judge

26  ORDER - 3