UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

  v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C06-5127 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR IMPEACHMENT, TO STRIKE AND FOR SANCTIONS

Before the Court are Plaintiff's motions for impeachment and sanctions (Dkt. # 125), to strike Defendants' motion for summary judgment (Dkt. # 128), and for sanctions for improperly moving for summary judgment (Dkt. # 130). After careful review of Plaintiff's motions and Defendants' response (Dkt. # 131), and Plaintiff's reply (Dkt. # 143), the Court finds that Plaintiffs' motions should be denied.

### I. DISCUSSION

**A.    Jurisdiction and Lifting the Stay (Dkt. # 112)**

Plaintiffs' motions are based primarily on the premise that this Court lacks jurisdiction and

ORDER - 1

the Defendants have no right to bring motions while this matter is stayed.  On April 13, 2007, the Plaintiff filed an affidavit of prejudice, alleging that the undersigned was biased against him. (Dkt. # 110).  The matter was forwarded to the Chief Judge for consideration and the case was stayed pending outcome of the recusal.  (Dkt. # 112).  On April 30, 2007, Judge Lasnik denied the Plaintiff's motion for recusal. (Dkt. # 115).

On June 1, 2007, Defendants filed their motion for summary judgment (Dkt. # 121) pursuant to the deadlines contained in the Amended Scheduling Order entered on February 28, 2007.  (Dkt. # 94).  On June 11, 2007, Judge Bryan issued an Order in which he again "lifted" the stay, although he noted that the stay had been lifted by operation of law when Judge Lasnik denied the Plaintiff's motion for recusal.  (Dkt. # 123).

Plaintiff continues to raise the same argument, which the Court has repeatedly addressed.  The argument is without merit.

**B.     Motion for Sanctions Based on Misleading Information**

With regard to Plaintiff's motion for impeachment and false and misleading disclosure, Plaintiff makes the additional argument that he believes Defendant Waddington provided misleading information in his declaration in support of a motion for protective order.  (Dkt. # 125).  Plaintiff seeks to have Defendant Waddington impeached.  However, arguments regarding impeachment of witnesses are determined at trial, pursuant to the Federal Rules of Evidence.

Plaintiff also argues that his motion is not brought under Rule 11, as Defendants mistakenly argue, but under Rule 37 (c)(2), which governs the truthfulness of admissions as to the genuineness of documents or the truth of matters requested.  In addition, Plaintiff seems concerned as Defendant Waddington is the one witness remaining in this case that has not yet been deposed.

By separate order, the Court has addressed Plaintiff's concerns regarding extending the discovery deadline to accommodate the completion of Defendant Waddington's deposition.  Thus,

ORDER - 2

Plaintiff may wish to explore the matters he raises here during that deposition.

Accordingly, Plaintiff's motions for impeachment (Dkt. # 125), to strike (Dkt. # 128), and for sanctions and failure to comply (Dkt. # 130) are **DENIED**.

DATED this 13th day of August, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3