UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

        Plaintiff,

v.

DOUG WADDINGTON; et al.,

        Defendants.

Case No. C06-5127-RJB

ORDER OVERRULING OBJECTIONS AND AFFIRMING ORDER OF MAGISTRATE JUDGE

This matter comes before the court on plaintiff's objections to an order of the magistrate judge. Dkt. 159. Defendants have not filed a response to the objections. The court has considered the pleadings filed in support of the motion and the file herein.

## I. BACKGROUND AND PROCEDURE

On April 10, 2006, plaintiff filed a civil rights complaint in this Court. Dkt. 9. During discovery, on February 9, 2007, plaintiff filed a Motion to Compel. Dkt. 91. On March 28, 2007, U.S. Magistrate Judge Karen L. Strombom issued an order denying plaintiff's Motion to Compel. Dkt. 102. On April 9, 2007, plaintiff filed a Motion for Reconsideration of the order denying plaintiff's Motion to Compel. Dkt. 107. On May 14, 2007, Judge Strombom issued an order denying the plaintiff's Motion for Reconsideration. Dkt. 116.

On April 13, 2007, plaintiff filed an Affidavit of Prejudice and Motion for Recusal of Judge Strombom. Dkt. 110. On April 30, 2007, U.S. District Judge Robert S. Lasnik issued an order denying

ORDER
Page - 1

1  plaintiff's Motion for Recusal. Dkt. 115.

2  On June 11, 2007, this Court overruled the Plaintiffs' Objection to the Magistrate's Order Denying
3  Motion for Reconsideration and Dkt 102 (Dkt. 118), and this Court affirmed both the Order Denying
4  Plaintiff's Motion to Compel (Dkt. 102) and Order Denying Plaintiff's Motion for Reconsideration (Dkt.
5  116). Dkt. 123. On June 25, 2007, plaintiff filed a Notice of Appeal with the United States Court of
6  Appeals for the Ninth Circuit regarding that order. Dkt. 132. On July 30, 2007, the court of appeals
7  issued an order to dismiss plaintiff's appeal. Dkt 159 at 8.

8  On June 4, 2007, plaintiff filed a Motion for the Appointment of Counsel. Dkt. 122. On July 30,
9  2007, U.S. Magistrate Judge Karen L. Strombom issued an order denying plaintiff's motion. Dkt. 148. In
10 the order denying the motion, the court noted that the plaintiff demonstrated an adequate ability to
11 articulate his claims *pro se*, the issues plaintiff raised were not complex, and the plaintiff did not provide
12 any evidence of exceptional circumstances or a likelihood of success on the merits. *Id*. at 2.

13 Plaintiff has now filed objections to the magistrates order. Dkt. 159. Plaintiff objects on two
14 grounds: 1) the magistrate judge overlooked evidence that plaintiff was inarticulate and evidence that
15 plaintiff has demonstrated exceptional circumstances, and 2) the magistrate judge lacked "vest power and
16 jurisdiction" to enter the order. Dkt. 159 at 3-4.

17
18 **II. DISCUSSION**

19 Under Fed.R.Civ.P. 72(a), upon objection by a party to a pretrial order of a magistrate judge, the
20 district judge shall consider the objections and shall modify or set aside any portion of the magistrate
21 judge's order found to be clearly erroneous or contrary to law.

22 First, plaintiff argues that he requires counsel because he is unable to articulate his claims *pro se*.
23 Dkt. 159 at 3. Plaintiff offered as evidence of his inability a declaration by opposing counsel in which
24 opposing counsel states that plaintiff asked "very confusing, convoluted questions" during depositions. *Id*.
25 at 11. However, the magistrate judge found that plaintiff was able to adequately articulate his claims
26 because plaintiff not only had filed numerous motions in this case but also had engaged in extensive
27 discovery without the assistance of counsel. Dkt. 148 at 2. The decision of the magistrate judge is not
28 clearly erroneous or contrary to law.

1  Plaintiff also argues that in his Motion for Appointment of Counsel he "clearly identified specific
2  instances of 'exceptional circumstances'" that "demonstrated the complexity of the legal issues involved
3  and the likelihood of success on the merits of this action." Dkt. 159 at 4.  However, plaintiff cites no
4  specific instance of exceptional circumstance, no complex issue, and no reason for likelihood of success on
5  the merits.  *Id*.  The decision of the magistrate judge is not clearly erroneous or contrary to law. Therefore,
6  plaintiff's objections to the magistrate judge's order should be overruled.

7  Second, plaintiff argues that the magistrate court lacked "vest power and jurisdiction" to enter the
8  order denying his motion. Dkt. 159 at 4.  Because the plaintiff had an appeal under consideration by the 9th
9  Cir. when the magistrate judge entered the order denying plaintiff's motion, plaintiff argues that the 9th Cir.
10 had complete jurisdiction over his claims until the court issued the order to dismiss the appeal.  *Id.*  As
11 authority for plaintiff's argument, plaintiff cites 28 U.S.C. § 1291, Fed. R. Civ. P. 54(b), and *Chacon v.*
12 *Babcoc*, 640 F.2d 221 (9th Cir. 1981).  *Id*.  However, none of those authorities hold that a magistrate court
13 is without "vest power and jurisdiction" to rule on a Motion for Appointment of Counsel while an appeal
14 of non-dispositive orders is under consideration by a court of appeals. Therefore, the magistrate judge's
15 order denying the Motion for Appointment of Counsel should be affirmed.

### III. ORDER

Therefore, it is hereby

**ORDERED** that plaintiff's objections to the order of the magistrate judge are **OVERRULED** and the Order Denying the Motion for Appointment of Counsel (Dkt. 148) is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of August, 2007.

ROBERT J. BRYAN
United States District Judge