UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. NASH,<br><br>               Plaintiff,<br><br>    v.<br><br>DOUG WADDINGTON; et al.,<br><br>               Defendants. | Case No. C06-5127-RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 191. The Court has considered the Report and Recommendation, Objections to the Report and Recommendation, and the file herein.

## I.  **FACTS**

Plaintiff filed this case on February 28, 2006 pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights of access to the courts, and that they retaliated against him. *Id*. The specific facts related to each of Plaintiff's claims are detailed in the Report and Recommendation and shall not be repeated here. Dkt. 191.

Plaintiff opposes adoption of the Report and Recommendation. Dkt. 193. He argues that he is not able to file adequate objections to the Report and Recommendation because the Department of Corrections has not sent him his legal files now that he has been released. *Id*. According to Plaintiff, he was released on November 10, 2007. Dkt. 193, at 3. Plaintiff files a pleading which appears to be a notice from the Department of Corrections, dated October 30, 2007, indicating that he has insufficient funds in his prison

ORDER
Page - 1

account to pay for the postage for his legal files. Dkt. 194. He is given 30 days to pay the postage. *Id*. Plaintiff further argues that Judge Strombom's Report and Recommendation failed to consider his claims regarding the use of the grievance system, his claims regarding the search and seizure policy, his claims regarding the processing of his legal mail, and his retaliation claim. Dkt. 193.

## II.   DISCUSSION

### A.   LEGAL FILES

Plaintiff's argument, that he is unable to object to the Report and Recommendation due to his not having his legal files, is without merit. Plaintiff has failed to show that any of the materials in his legal files would justify denial of the summary judgment motion. Plaintiff's Response to the Summary Judgment Motion was filed on October 11, 2007, prior to his November 10, 2007 release from prison. Dkt. 178. Plaintiff has not shown that he did not have access to his legal files at that time. He still failed to meet his burden under Fed. R. Civ. P. 56.

### B.   ACCESS TO THE COURTS CLAIM

Plaintiff also files objections to the Report and Recommendation arguing that his access to the courts claims should not be dismissed. "Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." *Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir. 2007)(*internal citations omitted*). "This right requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 1076. "Where a prisoner asserts a backward-looking denial of access claim-one, as here, seeking a remedy for a lost opportunity to present a legal claim-he must show: 1) the loss of a nonfrivolous or arguable underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Id*. The first element, requiring the loss of a nonfrivolous underlying claim, calls for an inmate to show an "actual injury." *Id*. In order to establish actual injury, the inmate must demonstrate that the official acts or omissions hindered his efforts to pursue a nonfrivolous legal claim. *Id*.

Plaintiff's objections to the Report and Recommendation on his access to the courts claims are unavailing. As a member of the public for several months, Plaintiff has access to court records to which

Judge Strombom refers in her Report and Recommendation. Plaintiff's vague allegations that Defendants caused him to miss court imposed deadlines are insufficient, particularly in light of Judge Strombom's review of each of the prior cases' records. Plaintiff still does not specifically identify any deadlines that he missed as a result of Defendants' actions. Plaintiff has had several months to make the required showing of actual injury for his access to the court claims, and has failed to do so.

### C. CLAIMS ALLEGED TO HAVE BEEN MISSED

As to the claims Plaintiff alleges the Report and Recommendation fails to address, Plaintiff's objections are without merit. Plaintiff argues that Judge Strombom's Report and Recommendation failed to consider his grievance system claim, search and seizure policy claim, the processing of his legal mail claim, and his retaliation claim. Dkt. 193.

Plaintiff's argument regarding his use of the grievance system is unclear. To the extent that Plaintiff argues that his use of the grievance system lead to Defendants' retaliating against him, Plaintiff has failed to met his burden to defeat summary dismissal of that claim. The Report and Recommendation addresses Plaintiff's claim for retaliation, and relates the five part test for a First Amendment retaliation claim in the prison context: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Dkt. 191, at 16-17 (*citing Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). In addition to the grounds found in the Report and Recommendation, Plaintiff's retaliation claim fails for an additional reason. Plaintiff has failed to point to any evidence in the record which suggests that Defendants took adverse action against him <u>because of</u> his use of the grievance system or his filing suit against the Defendants. Accordingly, Plaintiff's retaliation claim also fails because of the second element: Plaintiff has not shown that Defendants' alleged actions were caused by his use of the grievance system or the pending litigation against them.

Despite Plaintiff's contentions, the Report and Recommendation fully addresses his claims regarding the search and seizure policy and the processing of his legal mail. Dkt. 191, at 14-16 and at 10-12 respectively. Plaintiff's arguments that his Fourth Amendment rights were violated are merely a repetition of several of his earlier assertions. Plaintiff's last objection appears to argue that the Report and

ORDER
Page - 3

Recommendation failed to consider that Plaintiff was "targeted" because he had a civil action pending against Defendants. Dkt. 193. As stated above, the Report and Recommendation addressed Plaintiff's claim for retaliation.

Plaintiff's objections to the Report and Recommendation are without merit. The Report and Recommendation (Dkt. 191) should be adopted and Defendants' Motion for Summary Judgment (Dkt. 121) should be granted.

### III.  ORDER

Therefore, it is hereby **ORDERED** that

- The Report and Recommendation (Dkt. 191) is **ADOPTED**;
- Defendants' Motion for Summary Judgment (Dkt. 121) is **GRANTED**, Plaintiff's Complaint is **DISMISSED**; and
- The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Karen L. Strombom, all counsel of record, and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of March, 2008.

Robert J Bryan
United States District Judge